# Your Missouri Courts



Search for Cases by: Select Search Method...

Judicial Links | eFiling | Help | Contact Us | Print                                   Logon

## 21SL-CC00975 - TERESA HARRIS V EXPRESS SCRIPTS, INC. (E-CASE)

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

Sort Date Entries: ● Descending ○ Ascending        Display Options: All Entries ⌄

---

**03/24/2021**   **Corporation Served**
Document ID - 21-SMCC-2424; Served To - EXPRESS SCRIPTS, INC.; Server - CT CORP; Served Date - 24-MAR-21; Served Time - 00:00:00; Service Type - Territory 30; Reason Description - Served; Service Text - LC

---

**03/19/2021**   **Alias Summons Issued**
Document ID: 21-SMCC-2424, for EXPRESS SCRIPTS, INC..Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

---

**03/16/2021**   **Request Filed**
Request for Alias Summons.
        **Filed By:** JEFFREY DAVID HACKNEY
        **On Behalf Of:** TERESA HARRIS

---

**Summons Returned Non-Est**
Document ID - 21-SMCC-1888; Served To - EXPRESS SCRIPTS, INC.; Server - RINEHART, WILLIAM; Served Date - 16-MAR-21; Served Time - 00:00:00; Service Type - Territory 22; Reason Description - Other; Service Text - INSUFFICIENT ADDRESS NO STE # N/EST

---

**03/08/2021**   **Summons Issued-Circuit**
Document ID: 21-SMCC-1888, for EXPRESS SCRIPTS, INC..Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

---

**03/02/2021**   **Filing Info Sheet eFiling**
        **Filed By:** JEFFREY DAVID HACKNEY

---

**Pet Filed in Circuit Ct**
Petition for Damages; Exhibit A.
        **Filed By:** JEFFREY DAVID HACKNEY
        **On Behalf Of:** TERESA HARRIS

---

**Judge Assigned**
DIV 4

---

Case.net Version 5.14.16                    [Return to Top of Page](#)                    Released 03/09/2021

> **EXHIBIT A**

**21SL-CC00975**

Electronically Filed - St Louis County - March 02, 2021 - 11:10 AM

## IN THE CIRCUIT COURT OF THE 21ST JUDICIAL CIRCUIT
## OF MISSOURI, ST. LOUIS COUNTY

| | | |
|---|---|---|
| TERESA HARRIS, | ) | |
| | ) | |
| Plaintiff | ) | Cause No.: |
| | ) | |
| v. | ) | |
| | ) | Division: |
| EXPRESS SCRIPTS, INC. | ) | |
| | ) | |
| Defendant. | ) | JURY TRIAL DEMANDED |
| | ) | |
| Serve Agent at: | ) | |
| 120 S. Central Ave. | ) | |
| Clayton, MO 63105 | ) | |

## PETITION FOR DAMAGES

COMES NOW, Plaintiff Teresa Harris ("Plaintiff" or "Ms. Harris"), by and through undersigned counsel, and for her Petition for Damages, states as follows and affirms that the facts stated herein are true according to her best knowledge and belief:

## PARTIES AND VENUE

1.  Plaintiff is citizen residing in Jackson County in the State of Missouri.

2.  Defendant Express Scripts ("Defendant" or "Express Scripts") is a corporation duly organized and existing by virtue of law, with its principal office and headquarters located in St. Louis County, Missouri

3.  Plaintiff filed her timely Charge of Discrimination against Defendant with the EEOC on or about April 4, 2020 for disability, sex, and race discrimination and for retaliation, and then received her Right to Sue which was mailed on or about December 4, 2020 and received thereafter (See Exhibit A, attached hereto).

Electronically Filed - St Louis County - March 02, 2021 - 11:10 AM

4.  Defendant is engaged in interstate commerce and at all relevant times employed in excess of fifteen (15) employees.

5.  The conduct alleged in this Petition in to have violated Title VII (42 U.S.C. § 2000e *et seq.*) (hereinafter "Title VII"), the Americans With Disabilities Act of 1990 (42 U.S.C. § 12101 *et seq.*) (hereinafter the "ADA"), and Missouri law took place in St. Louis County, where Plaintiff was employed by Defendant, where Defendant's principle place of business is, and where Plaintiff temporarily resided, and thus venue in the Circuit Court of St. Louis County is proper, pursuant to Section 508.010.4 MO Rev. Stat. and other relevant venue provisions.

6.  Plaintiff demands a trial by jury on all issues so triable in this case.

## FACTS COMMON TO ALL COUNTS

7.  Plaintiff was employed in a St. Louis County Missouri facility by Defendant from approximately October 21, 2019 until approximately January 3, 2020.

8.  Plaintiff was employed as a Scrum Master and her duties included technology/IT/software related work such as setting product goals, understanding software being built by the product owner in collaboration with the product owner, developing user stories, organizing product meetings, and dealing with various software issues and problems.

### Plaintiff was an Employee of Defendant's, and Not an Independent Contractor

9.  Although nominally or formally an employee of a recruiting firm called Collabera, Plaintiff was actually, and for all legal and real purposes, an employee of Express Scripts.

10. Collabra exercised no day-to-day oversight or control over Plaintiff, but Express Scripts did.

Electronically Filed - St Louis County - March 02, 2021 - 11:10 AM

11. Express Scripts controlled Plaintiff's hours of work, which were to be 8:00 am to 5:00 pm, Monday through Friday, which was full time.

12. Express Scripts demanded that Plaintiff work in a set location, at 4601 Hanley Rd., appearing personally (although Plaintiff was initially granted an accommodation to work remotely one day per week, which was later rescinded.)

13. Plaintiff's direct report, Andy Grossman at Express Scripts, selected Plaintiff for work based on her skill set.

14. Express Scripts provided all training to Plaintiff.

15. Plaintiff's services and work performance was directly integrated with the activities of Express Scripts, which relied upon her services to further the success of the business.

16. Plaintiff did not have discretion to hire assistants or other works to assist her without express approval from Express Scripts.

17. Express Scripts provided materials and equipment for work, such as her laptop and badge.

18. Plaintiff was required to have one-on-one meetings with her direct report Andy Grossman, an employee of Express Scripts, wherein he provided feedback on her work performance.

19. Plaintiff was paid upon set intervals (bi-weekly) and upon her submitting time records to Express Scripts using Express Scripts time sheets, at a rate of seventy ($70.00) dollars per hour.

20. Plaintiff was not engaged in an entrepreneurial endeavor with a possibility for loss as well as profit and did not make expenditures in furtherance on any sort of independent business enterprise.

21. Plaintiff did not work for, or seek to work for, any other companies or clients while in the employ of Express Scripts and could not have done so without their approval.

Electronically Filed - St Louis County - March 02, 2021 - 11:10 AM

22. Plaintiff did not offer her services to the general public.

23. Plaintiff had the ability to resign without penalty, as an employee would.

24. Plaintiff would be reimbursed for any travel expenses, as an employee would be.

25. Express Scripts fully controlled and monitored Plaintiff's work activities as they would any other employee.

26. Plaintiff was bound by Express Scripts' conduct policies and rules.

27. Plaintiff used an Express Scripts email address; specifically, tharris8@express-scripts.com

28. Plaintiff working intermixed with (other) Express Scripts employees, with no meaningful distinctions between them.

29. Express Scripts made the decision to terminate Plaintiff.

30. Express Scripts made decisions regarding Plaintiff's work assignments and all other substantive terms and conditions of her employment.

### Plaintiff is Subjected to a Discriminatory, Hostile Work Environment

31. Early on in Plaintiff's employment, Plaintiff's direct supervisor Andy Grossman raised the Plaintiff possibility of becoming a "permanent" employee – i.e. no longer nominally labeled as an independent contractor – and Plaintiff expressed interest in being considered for this.

32. Plaintiff had a knee replacement in 2019 before going to work for Express Scripts.

33. On or about October 21, 2019, Grossman observed that Plaintiff had a knee replacement and was having some trouble getting around, experiencing challenges with everyday life activities such was walking, climbing, lifting, etc.

34. Mr. Grossman told Plaintiff she had to walk around the parking lot to get her weight down, showing her the area he was referring to outside, which offended Plaintiff.

Electronically Filed - St Louis County - March 02, 2021 - 11:10 AM

35. Plaintiff was granted the accommodation of working from home from Fridays due to her disability, however – at least for a time.

36. On or about October 28, 2019, Yuan Cunningham, Tech Lead and someone to whom Plaintiff was to report to, who was returning from China, screamed at Plaintiff upon their introduction "fat black girl, look at you, get off my team, we don't want you," or very similar words to that effect.

37. Plaintiff was shocked and horrified and immediately asked Grossman to be transferred to another team, but Grossman said for Plaintiff to appease Cunningham, including to buy her candy and take her to lunch.

38. When Plaintiff complained to Andy Grossman about the comments, Mr. Grossman also told her that Yuan Cunningham's skill set was so valuable to the Company that Plaintiff just had to put up with it.

39. Grossman unenthusiastically said that he would look into a transfer for Plaintiff, however, that never occurred.

40. Plaintiff would dial into meetings and Ms. Cunningham would say words to the effect "Is that a fat black girl on the phone?" and "fat black girl, we don't want you" in front of the entire team, causing great humiliation and distress for Plaintiff.

41. During a Daily Standup Yuan asked the team "Is there anyone on this team that looks funny and you guys do not want on our team?"; the team members responded: "No!"  but Cunningham laughed very hard and said "Ok, guys I am playing and I will stop this."

Electronically Filed - St Louis County - March 02, 2021 - 11:10 AM

42. Plaintiff received an email from Cunningham with her expectations for Plaintiff as Scrum Master, which Plaintiff confirmed and sent her and the team a response requesting respect and professionalism at all times.

43. Plaintiff was trying to be discreet and not embarrass Cunningham by being overly explicit in the email, but Cunningham responded "We do not know what you are talking about" or words to that effect.

44. The actions taken, and offensive comments made, against Plaintiff due to her appearance were related to her gender, race and disability status.

45. No men were criticized for their looks.

46. On or about December 2, 2019, Plaintiff emailed Grossman and Sarah Bacca, who was Cunningham's direct report, to escalate her complaints.

47. Plaintiff's December 2 email included the statement "my concern is that because (Cunningham) has she (sic) already expressed her negative feelings toward me the first day we met and acknowledged that she really does not want me on her team because of the way I look; she is looking for any reason to complain and justify removing from the Pharmville Team unjustifiably," along with other allegations of discrimination and unacceptable conduct.

48. Per policy, Bacca should have escalated the complaint to Human Resources, but it is unknown whether or not she did so.

49. On December 2, 2019 Sarah Bacca acknowledged the email and expressed concern.

50. Plaintiff never heard anything further from Ms. Bacca or HR regarding her complaint.

51. Shortly, thereafter, Grossman was critical of Plaintiff for escalating her complaint, for not getting along with Cunningham, and again criticized her for her weight and disability.

Electronically Filed - St Louis County - March 02, 2021 - 11:10 AM

52. On one occasion, Grossman looked at Plaintiff's body appraisingly and said Cunningham didn't like the way Plaintiff looked, but that Grossman had told her to go outside and walk.

53. While Plaintiff's appearance, race and disability status were routinely criticized,  Plaintiff's performance (which was exceptionally good) never was.

54. Plaintiff consistently performed at or above expectations.

55. There were rumors that layoffs were coming, but Plaintiff received assurances that her job was safe and her contract was being extended from Lena Pica, recruiter with Collabera, who indicated Plaintiff's work was good.

56. In late December, 2019, Grossman called Plaintiff into a conference room, and told Plaintiff he would not allow her to work on the team and she was going to be terminated, because of her looks, saying he agreed with Cunningham, which he specified as being "disabled," "black," and "fat."

57. With regard to Plaintiff's working from home on Friday accommodation, Grossman said "I don't know why you thought I was going to keep letting you do that" and revoked the accommodation.

### Plaintiff is Faced with a *Quid Pro Quo* Demand for Sex by Her Direct Supervisor, Who Offers to Hire/Retain Plaintiff If She Agrees

58. On Friday, January 3, 2020, Grossman arrived at the office at 8:00 AM, where Plaintiff had been working since 6:00 AM.

59. After a time, Grossman made a comment about Plaintiff's new boots, insinuating that she was being lavish in her spending.

60. Grossman asked Plaintiff to follow him into a conference room for her exit interview.

Electronically Filed - St Louis County - March 02, 2021 - 11:10 AM

61. In the exit interview, Grossman raised Plaintiff's future or prospective opportunities with Express Scripts, which he knew Plaintiff was interested in.

62. Grossman told Plaintiff that he had gotten other, male employees hired in IT on as official employees of Express Scripts, suggesting he could do the same for her.

63. In the exit interview, Grossman insinuated Plaintiff could save her job by spending "quality time" in his hotel with him and that he wanted to "be with (her)."

64. Grossman blatantly stated "sleep with me Teresa and I will save your job because I have been through all of these changes."

65. Grossman said he would introduce Plaintiff to his kids and that he would put her up in a hotel on the weekends.

66. Grossman then said, "do not go home, stay with me; don't go back home for the weekend" and indicated he had set the timing up so that Plaintiff could stay over the weekend in a hotel with him.

67. Grossman said, "You've got a PHD, you deserve to stay in a nice hotel, I'll pay for it" (Plaintiff had been staying in another local hotel while working.)

68. Grossman said he had gotten a promotion.

69. Mr. Grossman's outrageous request constituted a demand for sexual favors in return for saving her job.

70. Plaintiff rejected Mr. Grossman's advances.

71. Plaintiff's employment was terminated, and Mr. Grossman did not "save her job" as he could have, because his sexual advances were rejected.

Electronically Filed - St Louis County - March 02, 2021 - 11:10 AM

72. Grossman did not hire Plaintiff on to a new position or as a formal employee of Express Scripts even though he could have, because his sexual advances were rejected.

73. Grossman was an agent of Defendant.

### COUNT I –*QUID PRO QUO* SEX DISCRIMINATION, IN VIOLATION OF TITLE VII (*TERMINATION*)

74. Plaintiff incorporates by reference the above paragraphs as if fully set forth herein.

75. Plaintiff was subjected to *quid pro quo* sex discrimination, her rejection of which directly resulted in her employment not being continued.

76. Defendant took a tangible employment action because of Plaintiff's refusal to submit to a supervisor's sexual demands, thereby subjecting her to *quid pro quo* discrimination and harassment.

77. The conduct of Defendant and Grossman were related to Plaintiff's gender.

78. The purported reasons for Plaintiff's termination were not based on fact and were pretext for unlawful discrimination.

79. Defendant, by the actions described herein, discriminated against Plaintiff due to her gender.

80. The actions of Defendant created and objectively and subjectively severe and pervasive environment due to her sex, which negatively impacted the terms and conditions of employment.

81. As a consequence of Defendant's actions as described herein, Plaintiff has lost, and continues to lose, wages and other financial incidents and benefits of employment.

82. As a consequence of Defendant's actions as described herein, Plaintiff has experienced emotional distress, embarrassment, and a loss of reputation.

Electronically Filed - St Louis County - March 02, 2021 - 11:10 AM

83. As a consequence of Defendant's actions as described herein, Plaintiff has incurred, and will continue to incur, attorney's fees, costs, and expenses.

84. Defendant's conduct was outrageous due to their evil motive and reckless disregard for Plaintiff's rights thereby entitling him to punitive damages in an amount that will punish Defendant and will deter Defendant and others from like conduct.

WHEREFORE, Plaintiff requests a jury trial and that this Court enter judgment in her favor and against Defendant, declaring that Defendant has engaged in unlawful employment practices with respect to Plaintiff in violation of her rights protected by the Title VII; that Plaintiff be reinstated and compensated for all losses and damages suffered as a result of Defendant's unlawful discharge of her, including, but not limited to, past and future lost income, hedonic damages, emotional distress damages, other lost financial benefits of employment, and an amount to compensate Plaintiff for any tax treatment of a damages award (if reinstatement is not a practical or possible remedy then front pay should be awarded); that Defendant be ordered to pay punitive damages; that Plaintiff be awarded pre-judgment and/or post-judgment interest on her damages; that Plaintiff be awarded attorneys' fees and costs reasonably expended on this case; and further relief as this Court deems appropriate under the circumstances

## COUNT II – *QUID PRO QUO* SEX DISCRIMINATION, IN VIOLATION OF TITLE VII (*FAILURE TO HIRE*)

85. Plaintiff incorporates by reference the above paragraphs as if fully set forth herein.

86. Plaintiff, a member of a protected class, was qualified to perform a number of IT jobs with Express Scripts as formal employee, including the job she had already been performing.

Electronically Filed - St Louis County - March 02, 2021 - 11:10 AM

87. Plaintiff had applied for being a formal employee of Express Scripts by virtue of her having expressed interest in doing so, which her direct supervisor then again raised as a possibility during the exit interview, provided she acquiesced to his sexual demands.

88. Plaintiff was subjected to *quid pro quo* sex discrimination, her rejection of which directly resulted in her consideration for future employment, including being brought on as a formal employee (rather than as a nominal independent contractor) not being considered.

89. Upon information and belief, Express Scripts was considering applicants for IT positions and in fact subsequently or simultaneously hired persons who had equal or lesser qualifications to Plaintiff.

90. Even if Express Scripts had not been considering applicants, Grossman had, upon information and belief, the power to get Plaintiff hired, consistent with his representations to her.

91. Defendant took a tangible employment action because of Plaintiff's refusal to submit to a supervisor's sexual demands, in failing to hire her, thereby subjecting her to *quid pro quo* discrimination.

92. The conduct of Defendant and Grossman were related to Plaintiff's gender.

93. The purported reasons for Plaintiff's non-hire were not based on fact and were pretext for unlawful discrimination.

94. Defendant, by the actions described herein, discriminated against Plaintiff due to her gender.

95. As a consequence of Defendant's actions as described herein, Plaintiff has lost, and continues to lose, wages and other financial incidents and benefits of employment.

Electronically Filed - St Louis County - March 02, 2021 - 11:10 AM

96. As a consequence of Defendant's actions as described herein, Plaintiff has experienced emotional distress, embarrassment, and a loss of reputation.

97. As a consequence of Defendant's actions as described herein, Plaintiff has incurred, and will continue to incur, attorney's fees, costs, and expenses.

98. Defendant's conduct was outrageous due to their evil motive and reckless disregard for Plaintiff's rights thereby entitling him to punitive damages in an amount that will punish Defendant and will deter Defendant and others from like conduct.

WHEREFORE, Plaintiff requests a jury trial and that this Court enter judgment in her favor and against Defendant, declaring that Defendant has engaged in unlawful employment practices with respect to Plaintiff in violation of her rights protected by the Title VII; that Plaintiff be reinstated and compensated for all losses and damages suffered as a result of Defendant's unlawful discharge of her, including, but not limited to, past and future lost income, hedonic damages, emotional distress damages, other lost financial benefits of employment, and an amount to compensate Plaintiff for any tax treatment of a damages award (if reinstatement is not a practical or possible remedy then front pay should be awarded); that Defendant be ordered to pay punitive damages; that Plaintiff be awarded pre-judgment and/or post-judgment interest on her damages; that Plaintiff be awarded attorneys' fees and costs reasonably expended on this case; and further relief as this Court deems appropriate under the circumstances

## COUNT III - RETALIATION, IN VIOLATION OF TITLE VII

99. Plaintiff incorporates by reference the above paragraphs as if fully set forth herein. Plaintiff's protected activity, as described herein, was a motivating factor in her termination.

Electronically Filed - St Louis County - March 02, 2021 - 11:10 AM

100.     The purported reasons for Plaintiff's termination were not based in fact and were pretext for unlawful retaliation (as well as discrimination, as addressed under the other counts herein).

101.     Plaintiff reported the racial and sexual harassment and wrongful and retaliatory conduct committed by her supervisors and others (thereby engaging in protected activity), however, nothing was done to stop the ongoing harassment, intimidation, and retaliation.

102.     Defendant, by the actions described herein, retaliated against Plaintiff due to her protected activity.

103.     A causal connection exists between Plaintiff's termination and her protected activity.

104.     The Defendant's behavior violated Title VII.

105.     As a consequence of Defendant's actions as described herein, Plaintiff has experienced emotional distress, embarrassment, and a loss of reputation.

106.     As a consequence of Defendant's actions as described herein, Plaintiff has incurred, and will continue to incur, attorney's fees, costs, and expenses.

107.     Defendant's conduct was outrageous due to their evil motive and reckless disregard for Plaintiff's rights thereby entitling him to punitive damages in an amount that will punish Defendant and will deter Defendant and others from like conduct.

WHEREFORE, Plaintiff requests a jury trial and that this Court enter judgment in her favor and against Defendant, declaring that Defendant has engaged in unlawful employment practices with respect to Plaintiff in violation of her rights protected by the Title VII; that Plaintiff be reinstated and compensated for all losses and damages suffered as a result of Defendant's unlawful

Electronically Filed - St Louis County - March 02, 2021 - 11:10 AM

discharge of her, including, but not limited to, past and future lost income, hedonic damages, emotional distress damages, other lost financial benefits of employment, and an amount to compensate Plaintiff for any tax treatment of a damages award (if reinstatement is not a practical or possible remedy then front pay should be awarded); that Defendant be ordered to pay punitive damages; that Plaintiff be awarded pre-judgment and/or post-judgment interest on her damages; that Plaintiff be awarded attorneys' fees and costs reasonably expended on this case; and further relief as this Court deems appropriate under the circumstances

### COUNT IV – RACE DISCRIMINATION, IN VIOLATION OF TITLE VII

108.    Plaintiff realleges and incorporates by reference all allegations in all preceding

paragraphs.

109.    The termination of Plaintiff was motivated by her race, African-American, in

concert with other illegal motivations set forth in other counts herein.

110.    Similarly situated employees were treated more favorably than Plaintiff.

111.    Defendant, by the actions described herein, discriminated against Plaintiff due to her race in violation of Title VII, taking adverse employment action against her, including termination.

112.    As a consequence of Defendant's actions as described herein, Plaintiff has lost, and continues to lose, wages and other financial incidents and benefits.

113.    As a consequence of Defendant's actions as described herein, Plaintiff has experienced emotional distress, embarrassment, and a loss of reputation.

114.    As a consequence of Defendant's actions as described herein, Plaintiff has incurred, and will continue to incur, attorney's fees, costs, and expenses.

Electronically Filed - St Louis County - March 02, 2021 - 11:10 AM

115.     The conduct of Defendant was outrageous and willfully undertaken with reckless disregard for Plaintiff's rights.

WHEREFORE, Plaintiff requests a jury trial and that this Court enter judgment in her favor and against Defendant, declaring that Defendant has engaged in unlawful employment practices with respect to Plaintiff in violation of her rights protected by the Title VII; that Plaintiff be reinstated and compensated for all losses and damages suffered as a result of Defendant's unlawful discharge of her, including, but not limited to, past and future lost income, hedonic damages, emotional distress damages, other lost financial benefits of employment, and an amount to compensate Plaintiff for any tax treatment of a damages award (if reinstatement is not a practical or possible remedy then front pay should be awarded); that Defendant be ordered to pay punitive damages; that Plaintiff be awarded pre-judgment and/or post-judgment interest on her damages; that Plaintiff be awarded attorneys' fees and costs reasonably expended on this case; and further relief as this Court deems appropriate under the circumstances

### COUNT V – DISABILITY DISCRIMINATION, IN VIOLATION OF THE ADA

116.   Plaintiff incorporates by reference the above paragraphs as if fully set forth herein.

117.     Defendant illegally discriminated against Plaintiff in her termination on the basis of her being disabled in violation of the Americans With Disabilities Act of 1990 (42 U.S.C. § 12101 *et seq.*) (hereinafter the "ADA").

118.             Plaintiff is, and was at all relevant times, disabled under the ADA.

119.     Plaintiff's disability affects one or more of her daily life activities.

120.     Plaintiff's status as a qualified individual with a disability was a motivating factor in her determination.

Electronically Filed - St Louis County - March 02, 2021 - 11:10 AM

121.   Plaintiff was qualified to perform her job, with or without reasonable accommodation.

122.   The purported reasons for Plaintiff's termination were not based on fact and were pretext for unlawful discrimination, in concert with other illegal motivations set forth herein.

123.   Defendant, by the actions described herein, discriminated against Plaintiff due to her disability.

124.   Defendant illegally withdrew accommodation from Plaintiff and failed to fully engage in an interactive process.

125.   Plaintiff was subjected to a severe and pervasive hostile environment related to her disability.

126.   As a consequence of Defendant's actions as described herein, Plaintiff has lost, and continues to lose, wages and other financial incidents and benefits of employment.

127.   As a consequence of Defendant's actions as described herein, Plaintiff has experienced emotional distress, embarrassment, and a loss of reputation.

128.   As a consequence of Defendant's actions as described herein, Plaintiff has incurred, and will continue to incur, attorney's fees, costs, and expenses.

129.   Defendant's conduct was outrageous due to their evil motive and reckless disregard for Plaintiff's rights thereby entitling him to punitive damages in an amount that will punish Defendant and will deter Defendant and others from like conduct.

WHEREFORE, Plaintiff requests a jury trial and that this Court enter judgment in her favor and against Defendant, declaring that Defendant has engaged in unlawful employment practices with respect to Plaintiff in violation of her rights protected by the ADA; that Plaintiff be reinstated and compensated for all losses and damages suffered as a result of Defendant's unlawful discharge

Electronically Filed - St Louis County - March 02, 2021 - 11:10 AM

of her, including, but not limited to, past and future lost income, hedonic damages, emotional distress damages, other lost financial benefits of employment, and an amount to compensate Plaintiff for any tax treatment of a damages award (if reinstatement is not a practical or possible remedy then front pay should be awarded); that Defendant be ordered to pay punitive damages; that Plaintiff be awarded pre-judgment and/or post-judgment interest on her damages; that Plaintiff be awarded attorneys' fees and costs reasonably expended on this case; and further relief as this Court deems appropriate under the circumstances

## COUNT VI –HOSTILE WORK ENVIRONMENT, IN VIOLATION OF TITLE VII (SEX & RACE)

130.    Plaintiff incorporates by reference the above paragraphs as if fully set forth herein.

131.    Plaintiff was subjected to unwelcome harassment.

132.    Plaintiff's race, African-American, in combination with her gender, female, was the cause of the harassment.

133.    The harassment was severe and pervasive, both objectively and subjectively, and negatively impacted Plaintiff's terms and conditions of employment.

134.    Defendant knew or should have known of the discrimination against Plaintiff as alleged above and based on her race and gender failed to implement prompt and effective remedial action.

WHEREFORE, Plaintiff respectfully requests judgement, pursuant to verdict by jury, in her favor in an amount that is fair and reasonable for actual damages, punitive damages, emotional distress damages, interest on damages, for her attorney's costs and fees, and for such other and further relief to which the Court deems just and proper.

Electronically Filed - St Louis County - March 02, 2021 - 11:10 AM

## COUNT VII – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

135.    Plaintiff incorporates by reference all above paragraphs as if fully set forth herein.

136.    By the acts described above, Defendant engaged in extreme and outrageous conduct, utterly intolerable in a civilized community, that resulted in great emotional distress and physical symptoms arising therefrom.

137.    Defendant's conduct was so outrageous in character and extreme in degree as to go beyond all possible bounds of decency.

138.    The intent of the conduct was to inflict extreme emotional distress upon Plaintiff, which indeed it did.

139.    The conduct was outrageous due to evil motive or reckless indifference, thereby justifying an award of punitive damages in an amount that will punish Defendant and deter others.

WHEREFORE, Plaintiff respectfully requests judgment, pursuant to verdict by jury, in her favor in an amount that is fair and reasonable for actual damages, punitive damages, emotional distress damages, interest on damages, for her attorney's costs and fees, and for such other and further relief to which the Court deems just and proper, in an amount to be determined but in excess of $25,000.

Electronically Filed - St Louis County - March 02, 2021 - 11:10 AM

Respectfully Submitted,

HKM EMPLOYMENT ATTORNEYS, LLP


*/s/ Jeffrey D. Hackney*
 Jeffrey D. Hackney, #53158
HKM Employment Attorneys, LLP
13321 N. Outer 40, Suite 500
Town & Country, Missouri 63017
P/F: 314-207.7135
jhackney@hkm.com

**Attorneys for Plaintiff**

EEOC Form 161 (11/16)

**21SL-CC00975**

Electronically Filed - St Louis County - March 02, 2021 - 11:10 AM

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Teresa L. Harris<br>11901 E. 62nd Terrace<br>Kansas City, MO 64133 | From: | St. Louis District Office<br>1222 Spruce Street<br>Room 8.100<br>Saint Louis, MO 63103 |
|---|---|---|---|

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 563-2020-01210 | Walter H. Harris, III,<br>Investigator | (314) 798-1943 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):**  EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Lloyd J. Vasquez, Jr.,
**District Director**

DEC 0 4 2020

*(Date Mailed)*

Enclosures(s)

cc:
| Sarah Jordan<br>Sr. Paralegal<br>EXPRESS SCRIPTS<br>1 Express Way<br>Mail Stop 2E03 - Legal Dept.<br>Saint Louis, MO 63121 | Victoria Gorokhovich<br>CIGNA<br>Two Liberty Place<br>1601 Chestnut Street<br>Philadelphia, PA 19192 |
|---|---|



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>JOSEPH SHOCKLEE DUEKER | Case Number:  21SL-CC00975 | |
|---|---|---|
| Plaintiff/Petitioner:<br>TERESA HARRIS | Plaintiff's/Petitioner's Attorney/Address<br>JEFFREY DAVID HACKNEY<br>2 CITY PLACE<br>SUITE 200<br>CREVE COEUR, MO  63141 | |
| vs. | | **SHERIFF FEE PAID** |
| Defendant/Respondent:<br> EXPRESS SCRIPTS, INC. | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 | |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  **EXPRESS SCRIPTS, INC.**
   Alias:

**120 S CENTRAL AVE**
**CLAYTON, MO  63105**

*COURT SEAL OF*



*ST. LOUIS COUNTY*

   You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
   **SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.**

<u>08-MAR-2021</u>
**Date**                                                                              Clerk

**Further Information:**
**MT**

---

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).
☐ other _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
   Printed Name of Sheriff or Server                   Signature of Sheriff or Server
**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*                Subscribed and sworn to before me on _____ (date).

My commission expires: _____        _____
                                                    Date                                                    Notary Public

**Sheriff's Fees, if applicable**

| | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $_____10.00_____ | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | **$_____** | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST.  LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

**Purpose of Notice**

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.  A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

**Your Rights and Obligations in Court Are Not Affected By This Notice**

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.  Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

**Alternative Dispute Resolution Procedures**

There are several procedures designed to help parties settle lawsuits.   Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3)** <u>**Early Neutral Evaluation ("ENE"):**</u> A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4)** <u>**Mini-Trial:**</u> A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5)** <u>**Summary Jury Trial:**</u> A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

# St. Louis County Satellite Court Now Open in St. Ann

## Hours: Mon-Fri  8:30 a.m. to 5:00 p.m.   FREE PARKING IN ST. ANN

For the convenience of County residents, a satellite branch of the St. Louis County Circuit Court is now open at the St. Louis County Government Center at the Crossings at Northwest Plaza in St. Ann.

**Attending Court Hearings Remotely Using E-Courts**
If you are scheduled to appear in St. Louis County Circuit Court, you can access the courtrooms remotely using the public computer stations (e-Courts) in St. Ann and the main courthouse in Clayton. These are available for use when courtroom access is restricted due to the pandemic.
**Please note:** Hearings for juvenile and paternity cases are confidential, and can only be accessed from the Clayton e-Court at this time.

**Be sure to bring your paperwork with you. In order to set you up quickly, you will need your case number, as well as the date, time and number of the division where you are scheduled to appear.**

**Filing Pleadings/New Petitions**
If you are representing yourself, you may file your paperwork at the St. Ann satellite court, in addition to the Clayton courthouse, using the secure drop box located inside the Court reception area.

**Filing Orders of Protection**
Beginning March 1, 2021, you may file for an Order of Protection at the Adult Abuse Office in the St. Ann satellite court, in addition to the Clayton courthouse. Clerks will be available on-site to provide and file the necessary paperwork. Advocates will be available to assist you with resources and safety planning.

**For more information call: 314-615-8029**



*Return*

# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>JOSEPH SHOCKLEE DUEKER | Case Number: 21SL-CC00975 |
|---|---|
| Plaintiff/Petitioner:<br>TERESA HARRIS | Plaintiff's/Petitioner's Attorney/Address<br>JEFFREY DAVID HACKNEY<br>2 CITY PLACE<br>SUITE 200<br>CREVE COEUR, MO 63141 |
| vs. | **SHERIFF FEE<br>PAID** |
| Defendant/Respondent:<br>EXPRESS SCRIPTS, INC. | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | |

## Summons in Civil Case

The State of Missouri to:  EXPRESS SCRIPTS, INC.

120 S CENTRAL AVE
CLAYTON, MO 63105

Alias:

22  RINEW

FILED

MAR 17 2021

JOAN M. GILMER
CIRCUIT CLERK, ST. LOUIS COUNTY

**COURT SEAL OF**

**ST. LOUIS COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

08-MAR-2021
**Date**

Further Information:
MT

*Joan M. Gilmer*
Clerk

MAR 17 2021

---

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☑ other  INSUFFICIENT ADDRESS   NO STE #   N/ESI

Served at ___ JR ___ (County/City of St. Louis), MO, on 3/16/21 (date) at _____ (time). _____ (address)

in _____

**William Rinehart**
Printed Name of Sheriff or Server

**Deputy Sheriff**

Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____
Date                                    Notary Public

3/12

Electronically Filed - St Louis County - March 16, 2021 - 03:37 PM

**IN THE CIRCUIT COURT OF THE 21ST JUDICIAL CIRCUIT
OF MISSOURI, ST. LOUIS COUNTY**

| | | |
|---|---|---|
| TERESA HARRIS, | ) | |
| | ) | |
| Plaintiff | ) | Cause No.: |
| | ) | |
| v. | ) | |
| | ) | Division: |
| EXPRESS SCRIPTS, INC. | ) | |
| | ) | |
| Defendant. | ) | JURY TRIAL DEMANDED |
| | ) | |
| Serve Agent at: | ) | |
| CT Corporation System | ) | |
| 120 S. Central Ave. | ) | |
| #400 | ) | |
| Clayton, MO 63105 | ) | |

## REQUEST FOR ALIAS SUMMONS

COMES NOW, Plaintiff Teresa Harris by and through undersigned counsel, and requests the Court issue an Alias Summons for Service of the Petition this matter upon Defendant, due to lack of suite number and name of registered agent on Petition.  Corrected address of agent as follows:

**CT Corporation System
120 S. Central Ave.
#400
Clayton, MO 63105**

Additional service fee filed herewith.

Electronically Filed - St Louis County - March 16, 2021 - 03:37 PM

Respectfully Submitted,

HKM EMPLOYMENT ATTORNEYS, LLP


*/s/ Jeffrey D. Hackney*
 Jeffrey D. Hackney, #53158
HKM Employment Attorneys, LLP
13321 N. Outer 40, Suite 500
Town & Country, Missouri 63017
P/F: 314-207.7135
jhackney@hkm.com

**Attorneys for Plaintiff**



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>JOSEPH SHOCKLEE DUEKER | Case Number:  21SL-CC00975 |
|---|---|
| Plaintiff/Petitioner:<br>TERESA HARRIS | Plaintiff's/Petitioner's Attorney/Address<br>JEFFREY DAVID HACKNEY<br>2 CITY PLACE<br>SUITE 200<br>CREVE COEUR, MO  63141 |
| vs. | |
| Defendant/Respondent:<br> EXPRESS SCRIPTS, INC. | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | (Date File Stamp) |

## Summons in Civil Case

| | |
|---|---|
| **The State of Missouri to:**  **EXPRESS SCRIPTS, INC.**<br>**Alias:** | |

**CT CORPORATION SYSTEM**
**120 S CENTRAL AVE #400**
**CLAYTON, MO 63105**



*COURT SEAL OF*

*ST. LOUIS COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

<u>19-MAR-2021</u>
**Date**

_____ / Clerk

**Further Information:**
**GB**

---

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
    Printed Name of Sheriff or Server                                    Signature of Sheriff or Server
**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*  Subscribed and sworn to before me on _____ (date).

My commission expires: _____          _____
                                                 Date                                                        Notary Public

**Sheriff's Fees, if applicable**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | **$_____** |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

**Purpose of Notice**

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

**Your Rights and Obligations in Court Are Not Affected By This Notice**

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

**Alternative Dispute Resolution Procedures**

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1)** **Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2)** **Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

# St. Louis County Satellite Court Now Open in St. Ann
## Hours: Mon-Fri  8:30 a.m. to 5:00 p.m.  FREE PARKING IN ST. ANN

For the convenience of County residents, a satellite branch of the St. Louis County Circuit Court is now open at the St. Louis County Government Center at the Crossings at Northwest Plaza in St. Ann.
**Attending Court Hearings Remotely Using E-Courts**
If you are scheduled to appear in St. Louis County Circuit Court, you can access the courtrooms remotely using the public computer stations (e-Courts) in St. Ann and the main courthouse in Clayton. These are available for use when courtroom access is restricted due to the pandemic.
**Please note:** Hearings for juvenile and paternity cases are confidential, and can only be accessed from the Clayton e-Court at this time.

**Be sure to bring your paperwork with you. In order to set you up quickly, you will need your case number, as well as the date, time and number of the division where you are scheduled to appear.**

**Filing Pleadings/New Petitions**
If you are representing yourself, you may file your paperwork at the St. Ann satellite court, in addition to the Clayton courthouse, using the secure drop box located inside the Court reception area.
**Filing Orders of Protection**
Beginning March 1, 2021, you may file for an Order of Protection at the Adult Abuse Office in the St. Ann satellite court, in addition to the Clayton courthouse.  Clerks will be available on-site to provide and file the necessary paperwork.  Advocates will be available to assist you with resources and safety planning.

### For more information call: 314-615-8029



*Return*

SB 4/18

C



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>JOSEPH SHOCKLEE DUEKER | Case Number:  21SL-CC00975 |
|---|---|
| Plaintiff/Petitioner:<br>TERESA HARRIS | Plaintiff's/Petitioner's Attorney/Address<br>JEFFREY DAVID HACKNEY<br>2 CITY PLACE<br>SUITE 200<br>CREVE COEUR, MO  63141 |
| Defendant/Respondent:<br>EXPRESS SCRIPTS, INC. | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | (Date File Stamp) |

**FILED**

**MAR 31 2021**

**JOAN M. GILMER**
CIRCUIT CLERK, ST. LOUIS COUNTY

## Summons in Civil Case

The State of Missouri to:  EXPRESS SCRIPTS, INC.

CT CORPORATION SYSTEM
120 S CENTRAL AVE #400
CLAYTON, MO 63105

Alias:
30
CTCOR
VW

*COURT SEAL OF*

*ST. LOUIS COUNTY*

      You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
      SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

<u>19-MAR-2021</u>
Date

Further Information:
GB

Clerk

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by:  (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
~~CT CORPORATION~~ _____ (name)  **LCW – B. LOVE** (title).
☑ other _____ **INTAKE SPECIALIST** .
Served at **St. Louis County** (address)
in **St. Louis County** (County/City of St. Louis), MO, on **MAR 24 2021** (date) at **9 A.M.** (time).
*Tom Deakin*
Printed Name of Sheriff or Server

Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**
*(Seal)*
Subscribed and sworn to before me on _____ (date).
My commission expires: _____
          Date                               Notary Public

3/22